UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MOUNT VERNON FIRE
INSURANCE COMPANY,

      Plaintiff,

v.                                                Case No. 8:07-cv-1593-T-24 EAJ

TRANSCONTINENTAL INSURANCE
COMPANY,

      Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant's Motion to Dismiss. (Doc. No. 3). Plaintiff opposes the motion. (Doc. No. 9).

**I.  Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted).

**II.  Background**

Plaintiff alleges the following in its complaint (Doc. No. 2): Plaintiff provided excess

automobile insurance coverage to Redlands Christian Migrant Association ("RCMA"), with Defendant being RCMA's primary insurer. Defendant's policies provided $2,000,000 of coverage, and Plaintiff's excess policy provided $5,000,0000 of excess coverage.

On August 20, 2003, Henry Ellis was involved in a car accident caused by Maria Venegas. At the time of the accident, Venegas was employed by RCMA and was driving a vehicle covered by Plaintiff and Defendant's insurance policies. Ellis filed suit against RCMA for his injuries.

On June 6, 2005, Ellis' attorney served a Proposal for Settlement on RCMA for $1,000,000. RCMA declined the proposal and made no offer to settle. On October 31, 2005, Ellis' attorney informed RCMA that he would not settle for less than $2,000,000. In response, RCMA offered to settle Ellis' claim for $100,000, and Ellis rejected the offer. The case ultimately settled for $5,100,000, with Defendant paying $2,000,000 and Plaintiff paying $3,100,000.

Thereafter, Plaintiff filed the instant case, in which it asserts a bad faith claim against Defendant for failing to act in good faith and failing to settle this claim within Plaintiff's policy limits. In response, Defendant filed the instant motion to dismiss.

### III.  Motion to Dismiss

Defendant moves to dismiss Plaintiff's claim, arguing that since there is no contractual relationship between Plaintiff and Defendant, Defendant did not owe a direct duty to Plaintiff. As such, Defendant argues that the only way that Plaintiff could assert a cause of action against it is through the doctrine of equitable subrogation, and because Plaintiff failed to do so, its complaint must be dismissed. The Court, however, rejects Defendant's arguments.

"Subrogation is the substitution of one person in the place of another with reference to a lawful claim or right." Ranger Ins. Co. v. Travelers Indemnity Co., 389 So. 2d 272, 274 (Fla. 1st DCA 1980). Equitable subrogation, which is sometimes referred to as legal subrogation, arises by operation of law. See id. "Equitable subrogation principles permit the excess carrier to proceed against the primary carrier when the primary carrier's bad faith refusal to negotiate a settlement has caused the excess carrier to become liable for an excess judgment." General Accident Fire & Life Assurance Corp., Ltd. v. American Casualty Co. of Reading, P.A., 390 So. 2d 761, 765 (Fla. 3d DCA 1980)(citations omitted).

An excess insurer may assert a common law bad faith claim against a primary insurer. See RLI Ins. Co. v. Scottsdale Ins. Co., 691 So. 2d 1095, 1096 (Fla 4th DCA 1997)(citations omitted). Through equitable subrogation, "the excess insurer 'stands in the shoes' of the insured and succeeds to the rights and responsibilities that the insured would normally have against the primary insurer." Auto Owners Ins. Co. v. American Yachts, Ltd., 492 F. Supp.2d 1379, 1383 (S.D. Fla. 2007)(citations omitted). The rationale for this is that "'[i]f the insured purchases excess coverage, he in effect substitutes an excess insurer for himself.'" Ranger, 389 So. 2d at 275 (quoting Continental Casualty Co. v. Reserve Ins. Co., 238 N.W.2d 862, 864 (Minn. 1976)). Thus, "a primary insurer has the same duty to exercise good faith to an excess insurer as it does to an insured." RLI, 691 So. 2d at 1096; see also Progressive American Ins. Co. v. Nationwide Ins. Co., 949 So. 2d 293, 294 (Fla. 1st DCA 2007)(citation omitted).

Accordingly, Defendant owed Plaintiff a duty of good faith, and as such, Plaintiff may assert a bad faith claim against Defendant. Therefore, Defendant's motion to dismiss is without merit and must be denied.

**IV.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (Doc. No. 3) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of November, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record