## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**MOUNT VERNON FIRE INSURANCE
COMPANY,** a Pennsylvania corporation**,**

      Plaintiff**,**

**v.**                                                          **Case No.: 8:07-CV-1593-T-24EAJ**

**NATIONAL FIRE INSURANCE
COMPANY OF HARTFORD,** an
Illinois corporation,

      Defendant.

### ORDER

      **Plaintiff's Motion to Shorten Time to Respond to Discovery** (Dkt. 61) and **Defendant's**

**Response in Opposition** (Dkt. 68) are before the court.  For the reasons stated below, Plaintiff's

motion is **DENIED**.

## I.      BACKGROUND

      Pursuant to the case management and scheduling order, the discovery cut-off date was May

15, 2007.  (Dkt. 14)  Upon the request of the parties, the court extended the discovery deadline to

June 2, 2008.  (Dkts. 28 and 31)  On May 9, 2008, the court granted Plaintiff's motion to extend

discovery to June 17, 2008 to allow the parties to complete additional depositions of witnesses.

(Dkt. 47)  On May 30, 2008, the court granted Plaintiff's unopposed motion to extend discovery to

June 19, 2008 to take two additional depositions.  (Dkt. 62)

      Plaintiff took the deposition of Leslie Uher ("Uher"), a former employee of Defendant, on

May 19, 2008.  (Dkt. 61 at 1)  During this deposition, Uher testified she was terminated by

Defendant in June 2006.  (Dkt. 61 at 2)  On May 21, 2008, Plaintiff served a fourth request for

production of documents, seeking Uher's personnel records and correspondence or documentation

regarding Uher's performance and subsequent termination. (Id.) Plaintiff subsequently requested that Defendant produce these documents on June 11, 2008, the date of the deposition of Defendant's corporate representative. (Id.) Additionally, Plaintiff served twenty request for admissions upon Defendant on May 28, 2008. (Dkt. 61 at 3)

    A. <u>Plaintiff's Motion to Shorten Time to Respond to Discovery</u>

    On May 29, 2008, Plaintiff filed a Motion to Shorten Time to Respond to Discovery. (Dkt. 61) Plaintiff seeks an order requiring Defendant to respond to Plaintiff's fourth request for production of documents by June 11, 2008 and Plaintiff's request for admissions on or before the close of discovery on June 17, 2008. Plaintiff asserts that the document requests "were made without delay and as soon as the information became available to Mount Vernon" and the request for admissions were "propounded as soon as practicable after all the relevant information was gathered." (Dkt. 61 at 5-6) Although Plaintiff concedes that Defendant's discovery requests are due after the close of discovery, Plaintiff contends that the court should shorten Defendant's time to respond because discovery requests are relevant to Plaintiff's claims and necessary to prepare for a mediation conference on June 26, 2008.

    B. <u>Defendant's Response</u>

    In response, Defendant argues the court should deny Plaintiff's motion because Plaintiff served untimely discovery requests. (Dkt. 68 at 3) Further, Defendant asserts that Plaintiff has known about the facts giving rise to its belated discovery requests for more than two years. (Id. at 3-4) Even assuming that Plaintiff did not learn of the new information until the recent depositions, Defendant argues that Plaintiff delayed taking these depositions until after extensions to the discovery schedule. (Id. at 5)

## II.     DISCUSSION

In cases where a scheduling order has entered, such "schedule shall not be modified except upon a showing of good cause[.]" Fed. R. Civ. P. 16(b).  The discovery cut-off date means that all discovery must be completed by that date.  Middle District Discovery (2001) at 3.[1]  Untimely discovery requests are subject to objection on that basis.  Id.   Although the parties, by agreement, may conduct discovery after the completion date, the parties should not expect the court to resolve discovery disputes arising after the discovery completion date.  Id.  Absent a showing of diligence on the part of a party seeking to modify deadlines contained in the scheduling order, the court-ordered schedule should not be disturbed.  Lord v. Fairway Elec. Corp., 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002) (a finding of lack of diligence on the part of the party seeking modification of the scheduling order ends the good cause inquiry).

Here, there is no dispute that Plaintiff's discovery requests are untimely.  Moreover, there has been ample opportunity to conduct discovery in this case.  On October 17, 2007, the court set the discovery cut-off date as May 15, 2008.  On April 10, 2008, the court extended discovery until June 2, 2008.  The discovery deadline was subsequently extended to June 17, 2008.  Although Plaintiff alleges that it served the discovery requests as soon as practicable, Plaintiff admits it did not conduct depositions of Defendant's employees until late May 2008.   Thus, even assuming Plaintiff learned of new information during these depositions, Plaintiff was aware of the identity of Defendant's employees and Plaintiff's delay in conducting these depositions reveals a lack of diligence on Plaintiff's part.  In sum, Plaintiff fails to demonstrate good cause to grant the motion to shorten time

---

[1]     This manual is available on-line at the following website: http://www.flmd.uscourts.gov/Forms/Civil/Discovery_Practice_Manual.pdf.

to respond to discovery.[2]

Accordingly and upon consideration, it is **ORDERED** and **ADJUDGED** that:

(1) **Plaintiff's Motion to Shorten Time to Respond to Discovery** (Dkt. 61) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on this 10th day of June, 2008.

ELIZABETH A JENKINS
United States Magistrate Judge

---

[2] In addition, Plaintiff may not accelerate Defendant's production of documents through a Rule 30(b)(6) deposition. Pursuant to Fed. R. Civ. P. 30(b)(2), a notice to a party deponent may be accompanied by a request under Rule 34 for production of documents. A party has 33 days to respond to a request for documents attached to a deposition notice. Fed. R. Civ. P. 34(b)(2)(a); Fed. R. Civ. P. 6(d).

4